**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROBERT KENNEDY, JR., a/k/a
Mosquito,

*Defendant-Appellant.*

No. 02-4072

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CR-01-25)

Submitted: July 25, 2002

Decided: September 23, 2002

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert Kennedy, Jr., was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, 21 U.S.C. § 846 (2000), and two counts of distribution of cocaine base, 21 U.S.C. § 841(a) (2000). Kennedy asserts on appeal that the court's reading of selected testimony to the jury during deliberations was an abuse of discretion and resulted in reversible error. We disagree, and accordingly affirm.

Kennedy asserts the reading of selected portions of the testimony and the failure to read the cross-examination of the witnesses resulted in undue emphasis on specific testimony. Kennedy asserts the district court's instructions did not foreclose the jury from emphasizing the testimony read to it over the testimony presented at trial. We review a district court's decision to read transcripts to the jury for abuse of discretion. *United States v. Rodgers*, 109 F.3d 1138, 1140 (6th Cir. 1997). A decision to read transcripts to the jury must be accompanied by safeguards. *Id.* at 1144-45. There is no inflexible rule requiring the court to read cross-examination testimony of the witness whose testimony is read to the jury. *United States v. Wright-Baker*, 784 F.2d 161, 174 (3d Cir. 1986). "Each case is decided on its facts, and it is the appellant's burden to show that the trial judge acted unreasonably." *United States v. Bennet*, 75 F.3d 40, 46 (1st Cir. 1996).

We find that the district court did not abuse its discretion in permitting the reading of the portions of the testimony requested by the jury. We further find the district court's instructions were adequate to prevent the jury from placing undue emphasis on the read testimony.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*